UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN F. TURANT, JR., | ) | |
| Plaintiff, | ) | 2:08-cv-00132-RLH-PAL |
| vs. | ) | **ORDER** |
| THOMAS COOK, | ) | (IFP - #1) |
| Defendant. | ) | |

Plaintiff John F. Turant, Jr. is proceeding in this action *pro se*. Turant, who is currently in the custody of the Metropolitan Detention Center ("MDC") in Brooklyn, New York, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a Complaint on January 31, 2008. This proceeding was referred to this court by Local Rule IB 1-9.

**I.**    ***In Forma Pauperis* Application**

Turant has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Turant's complaint.

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

/ / /

1  that the deficiencies could not be cured by amendment.  See Cato v. United States, 70 F.3d 1103, 1106
2  (9th Cir. 1995).
3       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
4  failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a
5  ruling on a question of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir.
6  1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all
7  material allegations in the complaint are accepted as true and are to be construed in the light most
8  favorable to the plaintiff.  Russel v. Landrieu, 621 f.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro
9  se complaint are held to less stringent standards than formal pleading drafted by lawyers.  Haines v.
10 Kerner, 404 U.S. 519, 520 (1972) (per curiam).
11      The Complaint alleges that defendant Thomas Cook was Turant's attorney in an action before the
12 federal Securities and Exchange Commission ("SEC") in April of 2003.  Turant alleges that Cook
13 engaged in conduct during his representation of Turant that was unethical and violated Turant's civil
14 rights.  Specifically, Turant claims that Cook failed to object to questions posed by counsel for the SEC;
15 failed to instruct Turant to plead the Fifth Amendment with respect to some questions; instructed Turant
16 to take primary responsibility for the charged conduct without informing him of the possible
17 consequences; counseled Turant to provide false testimony by not discussing certain companies Cook
18 had a conflicting interest in; and failed to disclose Cook's conflicting interests.  He also alleges that
19 Cook was not registered as an attorney in Pennsylvania, where the SEC proceedings were held.  Turant
20 claims this conduct constitutes a breach of fiduciary responsibilities, negligence, and willful negligence.
21      Because Turant filed the Complaint on the court's Civil Rights Complaint form, the court will
22 construe it as an attempt to state a claim under 42 U.S.C. § 1983.  "To state a claim under § 1983, a
23 plaintiff must allege the violation of a right secured by the Constitution and laws of the United States,
24 and must show that the alleged deprivation was committed by a person acting under color of state law."
25 West v. Atkins, 487 U.S. 42  (1988) (citation omitted).  "The purpose of § 1983 is to deter state actors
26 from using the badge of their authority to deprive individuals of their federally guaranteed rights."
27 McDade, 223 F.3d at 1139 (emphasis added), citing, Wyatt v. Cole, 504 U.S. 158, 161 (1992).  A
28 / / /

defendant only acts under the color of state law if he exercises power possessed by virtue of state law and made possible only because he "is clothed with the authority of state law." Id. at 1139-40.

Here, Turant has alleged that Cook, a private attorney, committed legal malpractice in his representation of Turant in an SEC action. Cook does not appear to be a state actor, nor does the Complaint allege as much. Because a claim for relief under § 1983 may only lie against a state actor, McDade, 223 F.3d at 1139, Turant has not established a claim cognizable under § 1983. His complaint will therefore be dismissed, with leave to amend.

## CONCLUSION

Pursuant to 28 U.S.C. § 1915(e)(2), Turant's complaint is dismissed for failure to state a claim upon which relief may be granted. The court will, however, grant him leave to file an amended complaint. If Turant chooses to amend the complaint, he must set forth the grounds upon which the court's jurisdiction depends. Fed. R.Civ. P. 8(a); LR 8-1. If he wishes to pursue a claim under § 1983, he must show that defendant acted under color of state law to deprive him of a federally protected right. In addition, Turant is informed that the court cannot refer to a prior pleading (his original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, and good cause appearing,

**IT IS ORDERED** that:

1. Plaintiff's requests to proceed *in Forma Pauperis* (##1 and 2) is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

1  3. The Clerk of the Court shall file the Complaint.

2  4. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty (30) days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order will result in the dismissal of this case, without prejudice.

Dated this 19th day of March, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE